HOLMES v. DANIELS.

(Supreme Court, Appellate Term. January 7, 1904.)

1. CONTRACT WITH PARTNERSHIP—ACTION ON—PROOF—PLEADING—PARTIES—DEFECT OF.

A cause of action against defendant as an individual, the complaint alleging that he was carrying on business under a firm name and style, is not sustained by proving a contract between plaintiff and a firm consisting of defendant and another.

2. SAME—AMENDMENT—EFFECT.

An amendment to the summons by inserting the name of the other partner as defendant was properly denied, as even an amendment of the complaint on the trial, with appropriate allegations of copartnership, designed to hold the present defendant alone liable, would have entitled the latter to plead anew, setting up a defect of parties defendant.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Merlin A. Holmes against Thomas P. Daniels. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Hunt, Ingle & Small, for appellant.
E. S. Caldwell, for respondent.

¶ 1. See Partnership, vol. 38, Cent. Dig. § 418.

FREEDMAN, P. J. The plaintiff began an action by the service of a summons and complaint upon the defendant. The complaint alleged that the defendant was carrying on business under the firm name and style of Daniels & Co. The answer was a general denial. Upon the trial the plaintiff proved that there was a partnership existing between this defendant and one Julis Brown, styled Daniels & Co., and sought to sustain his cause of action against this defendant alone by proving a contract made between himself and the firm of Daniels & Co. The court below dismissed the complaint upon the ground that the action was brought against Daniels alone. In this the court was clearly correct.

Plaintiff moved to amend the summons by inserting the name of Julis Brown as defendant. This was properly denied. Even an amendment of the complaint upon the trial, with appropriate allegations of copartnership, designed to hold the present defendant alone liable, would have been of no avail, as the defendant would have been entitled to plead anew, and set up, by way of demurrer, a defect of parties defendant, with the necessary result of a judgment in favor of defendant.

Judgment affirmed, with costs. All concur.